

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDIZ YONTER, | |
| Plaintiff, | |
| v. | Civil Action No.: ELH-20-152 |
| ANNA LEVINA, | |
| Defendant. | |

## MEMORANDUM

The above-captioned case was filed on January 17, 2020, by the self-represented plaintiff, Ediz Yonter, against defendant Anna Levina, the wife of plaintiff's deceased father. ECF 1. The suit is captioned as an "Opposition To Revocable Living Trust And Application For Ex-Parte Temporary Restraining Order." ECF 1 ("TRO").

In the TRO, plaintiff alleges that his father, Michael Yonter (the "Decedent"), died on November 18, 2019. *Id.* ¶ 7. According to plaintiff, the Decedent had created a trust on September 3, 2010 (the "Old Trust"), which provided that, upon Decedent's death, the successor trustee should devise the Old Trust's assets in equal parts to plaintiff and his brother, Samuel Yonter ("Samuel"). *Id.* ¶¶ 1-2.[1] However, plaintiff alleges that Samuel died in May 2019, and thereafter Ms. Levina "unduly influenced Decedent to execute an amendment to the Old Trust on July 1, 2019" (the "New Trust"). *Id.* ¶ 4. Under the terms of the New Trust, Ms. Levina was granted a life estate in real property owned by Decedent in Missouri City, Fort Bend County, Texas. *Id.*

---

[1] I shall use the first name of Samuel Yonter to avoid confusion with others with the same surname.

According to plaintiff, the "life estate granted to Levina represents a significant deviation from the status quo prior." *Id.*

The TRO alleges that the Decedent lacked "testamentary capacity to execute the New Trust," *id.* ¶ 8, or, alternatively, that Decedent "executed the New Trust as the result of undue influence exerted over Decedent by Levina." *Id.* ¶ 9. Moreover, according to plaintiff, Ms. Levina, as the successor trustee, took control of the New Trust. *See id.* ¶ 1. Further, plaintiff avers that absent a restraining order, "there is a high likelihood of Levina wasting, liquidating, or transferring Decedent's personal assets located within the Real Property and/or causing waste to the Real Property itself, given Levina's unlawful actions in unduly influencing Decedent to sign the New Trust." *Id.* ¶ 13.

The TRO does not set forth any basis to establish personal jurisdiction in Maryland over Ms. Levina. Indeed, the only connection to Maryland appears to be plaintiff's domicile. Nor is venue proper in Maryland.

The venue statutes governing the federal courts provide guidance as to where a federal action may be initiated. Under 28 U.S.C. § 1391(b), "[a] civil action may be brought in—(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which the action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Review of the TRO makes clear that Maryland simply does not satisfy any of the venue requirements. The TRO alleges that Ms. Levina resides in Houston, Texas. ECF 1, ¶ 1. And, it

alleges that the contested real property is also located in Texas. *Id.* ¶ 3. As noted, the only connection that this case appears to have with Maryland is that Mr. Yonter resides in this State.

Therefore, I shall transfer this case to the Southern District of Texas. *See* 28 U.S.C. §1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice transfer such case to any district or division in which it could have been brought."). In so doing, this Court expresses no view regarding the merits of the claims asserted by Mr. Yonter.

The case shall be transferred forthwith to the United States District Court for the Southern District of Texas for all further proceedings.

An Order follows.

Date: January 17, 2020                             /s/
                                                   Ellen L. Hollander
                                                   United States District Judge